**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE: CAIRO HOLDING COMPANY, INC.[1]** **CHAPTER 11**

**Debtor** **CASE NO. 23-01954-JDW**

**Jointly Administered**

**ORDER GRANTING FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF NECESSARY EXPENSES**

THIS CAUSE having came on for consideration of the ***Final Application of Newman & Newman, counsel for the debtor-in-possession, for Allowance of Compensation and Reimbursement of Necessary Expenses*** **[Docket No. ___]**, (the "Application") filed herein by counsel for the Debtor, and no objections were filed, and the Court, having considered the Motion does hereby find as follows, to-wit:

1. The Debtor filed its voluntary petition for relief pursuant to 11 U.S.C. Chapter 11 on August 25, 2023 as a Subchapter V Debtor. The Debtor filed its Motion for Administrative Consolidation on August 25, 2023 and the Court granted same on October 3, 2023 and an Agreed

[1]Jointly Administered with Cappaert Manufactured Housing, Inc., Case No. 23-01955-JDW

Order was entered Consolidating Cairo Holding Company, Inc., and Cappaert Manufactured Housing, Inc. [Docket No. 61].

2. Newman & Newman was appointed as counsel for the debtor-in-possession on November 1, 2023[Docket No. 102], in this case. Debtor paid Newman & Newman a retainer of $20,000.00.

3. On January 26, 2024, this Court entered an Agreed Order approving $78,516.25 in fees and $70.00 in expenses for a total of $78,446.25 for July 24, 2023 to and including December 21, 2023, which has been paid. On May 24, 2024, this Court entered an Agreed Order approving $49,507.37, which represents $49,080.00 in fees and $427.37 in expenses for December 22, 2023 to and including April 22, 2024, which has not been paid.

4. The services rendered to the Debtor by Applicant represent substantial services. The services rendered and expenses incurred benefitted the estate. An Affidavit reflecting the legal services rendered and expenses incurred by said attorney is attached to the Application as Exhibit "A" and is incorporated herein by reference. The Affidavit also certifies and represents to the Court that the services rendered to the Debtor were reasonable and necessary and that said services have actually been rendered. A detailed itemization of the services rendered, and expenses incurred, was attached to the Application as Exhibit "B" and is incorporated herein by reference.

5. This is the final request by said attorney for allowance of compensation and reimbursement of necessary expenses for professional services in this proceeding.

6. This Court has set September 30, 2024 as the bar date for the filing of all Administrative Claims in this Chapter 11 case and the deadline for objection to same has been set for October 30, 2024 **[Docket No. 224]**.

7. The total amount of said attorneys' fees and reimbursable expenses in connection with this Chapter 11 proceeding are $23,072.06, which represents $22,697.78 in fees and $374.28 in expenses in expenses for the period of April 22, 2024 to and including September 30, 2024. These fees will be allocated 50% to Cairo Holding Company, Inc. and 50% to Cappaert Manufactured Housing, Inc.

8. On or about September 30, 2024 applicant filed its final application for allowance of compensation for professional services incurred on behalf of the debtor. By this application, the applicant requested the Court to grant this as a final application and approval of all prior interim compensation applications as final.

9. The Debtor represents to the Court that notice of the Application was filed in accordance with all applicable rules.

10. Applicant is entitled to compensation for professional services rendered to the Debtor and reimbursement of expenses incurred on behalf of the debtor pursuant to the provisions of 11 U.S.C. Section 330 and all applications previously approved under 11 U.S.C. § 331 and deemed final pursuant to § 330. Therefore, the application of Newman & Newman, counsel for the debtor-in-possession, should be approved and granted.

**IT IS ACCORDINGLY, ORDERED:**

A. Newman & Newman is hereby allowed compensation and reimbursement of expenses in the amount $23,072.06, which represents $22,697.78 in fees and $374.28 in expenses for the period of April 22, 2024 to and including September 30, 2024. These fees will be allocated 50% to Cairo Holding Company, Inc. and 50% to Cappaert Manufactured Housing, Inc. Each Debtor shall be responsible for ½ of the total fees and expenses.

B. The sum approved and allowed by this Court as compensation and reimbursement of expenses is a priority administrative expense as set forth in 11 U.S.C. §§ 503(b)(2) and 507(a)(2) in the Chapter 11 case and each Debtor is allocated ½ of $23,072.06 and authorized and ordered to pay Debtor's counsel to the extent funds are available.

C. All sums previously approved as interim compensation are hereby deemed and allowed as final compensation pursuant to 11 U.S.C. § 330.

**##END OF ORDER##**

Submitted by:

J. Walter Newman IV, MSB No. 3832
NEWMAN & NEWMAN
587 Highland Colony Parkway
Ridgeland, MS 39157
Telephone: (601) 948-0586
Email: wnewman95@msn.com
Attorney for Debtor